UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY MAKAS,

                      Plaintiff,

    -v.-                                             9:10-CV-0576
                                                     (GLS)(RFT)
ULSTER COUNTY,

                      Defendant.
_____

APPEARANCES:

TIMOTHY MAKAS
C10116
CDPC Unit xx
75 Scotland Ave.
Albany, NY 12208
Plaintiff, *pro se*

GARY L. SHARPE
United States District Judge

## DECISION and ORDER

**I.    Background**

      The Clerk has sent to the Court a *pro se* Complaint filed by Plaintiff Timothy Makas. Dkt. No. 1. Makas, who is presently confined at the Capital District Psychiatric Center, has paid the filing fee for this action.

      In his Complaint, Makas alleges that he was arrested in 1998 and "was tricked" into entering a plea of guilty to second degree arson, and thereafter sentenced to a term of incarceration in state prison. Dkt. No. 1 at 6. Makas

appealed from the judgment of conviction, and on June 8, 2000, the judgment was reversed and the case was remitted to Ulster County Court for further proceedings. *People v. Makas*, 273 A.D.2d 510 (3d Dep't 2000). Plaintiff subsequently entered a plea of not responsible by reason of mental disease or defect. *Makas v. Schlenker*, 17 A.D.3d 876 (3d Dep't 2005).

Makas alleges that on June 20, 2000 -- shortly after succeeding on his criminal appeal -- he was transferred from Fishkill Correctional Facility ("Fishkill") to Ulster County Jail. Dkt. No. 1 ¶ 26. Before leaving Fishkill, at the suggestion of the Ulster County Jail transport officer, Makas was strip searched by Fishkill employees before he left that facility. Dkt. No. 1 ¶¶ 27-29. Makas was strip searched again, just forty-five minutes later, upon his arrival at Ulster County Jail. *Id*. ¶¶ 32-33. Makas claims that the strip searches were conducted in "deliberate retaliation for winning the Appeal." *Id*. ¶ 44. Makas claims that Defendant Ulster County is responsible for the alleged wrongdoing because of its policies, or lack thereof, regarding search procedures for detainees. *Id*. ¶¶ 38-42. Construed liberally, Makas claims that Defendant Ulster County violated his rights under the First, Fourth, and Fourteenth Amendments to the United States Constitution. For a complete statement of Makas's claims, refer to the Complaint.

## II.   Discussion

A district court may *sua sponte* dismiss a fee-paid complaint under its inherent authority to dismiss frivolous actions. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 n. 2 (2d Cir. 2000) (per curiam); *see also Muka v. Murphy*, 5:08-CV-0439, 2008 WL 4104688, at *5 (N.D.N.Y. Sept. 3, 2008) ("[A] district court may *sua sponte* dismiss a frivolous complaint even if the plaintiff has paid the filing fee" and is not seeking *in forma pauperis* status under 28 U.S.C. § 1915.) (citing *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *8 (N.D.N.Y. May 23, 1995). For the following reasons, the Court finds that the *sua sponte* dismissal of Makas's complaint is both appropriate and necessary.

"The statute of limitations for claims brought under Section 1983 is governed by state law, and in this case is the three-year period for personal injury actions under New York State law." *Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (citations omitted); *see also Owens v. Okure*, 488 U.S. 235, 236 (1989). However, accrual is governed by federal law, and the statute of limitations for a § 1983 action begins to run when the plaintiff "knows or has reason to know of the harm that is the basis of his claim." *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v.*

*Guido*, 41 F.3d 865, 871 (2d Cir. 1994). Federal courts are required to apply the state rule for tolling the statute of limitations. *See Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990) (citing *Bd. of Regents v. Tomanio*, 446 U.S. 478, 483 (1980)). Plaintiff carries the burden of establishing entitlement to tolling. *Vallen v. Carrol*, 02-CV-5666, 2005 WL 2296620, at *3 (S.D.N.Y. Sept. 20, 2005); *Swartz v. Berkshire Life Ins. Co.*, No. 99 Civ. 9462, 2000 WL 1448627, at *5 (S.D.N.Y. Sept. 28, 2000) ("The plaintiff has the burden of establishing insanity for the purposes of the toll.").

Makas's claims arose on June 20, 2000, the date that he was allegedly subjected to two separate strip searches. As a result, the statute of limitations expired three years later, on June 20, 2003. Makas's Complaint was filed on May 17, 2010 -- nearly ten years after the alleged wrongdoing occurred and almost seven years after the statute of limitations had expired. Thus, Makas's action is time-barred unless the statute of limitations was tolled.

Makas alleges that this action is timely because he is "still deemed incompetent by being locked up in the psych system." Dkt. No. 1 ¶ 46. Liberally construing Makas's Complaint, he appears to be invoking the state tolling rule set forth in § 208 of the New York Civil Practice Laws and Rules ("CPLR 208"). CPLR 208 provides for tolling when "a person entitled to

commence an action is under a disability because of infancy or insanity at the time the cause of action accrues . . . ." *Id*.

CPLR 208 does not define the term "insanity." After reviewing the legislative history of the provision and concluding that the legislature intended that CPLR 208 be "narrowly interpreted," the New York Court of Appeals established a standard for evaluating the applicability of CPLR 208. *McCarthy v. Volkswagen of Am.*, 55 N.Y.2d 543, 548 (1982). The *McCarthy* Court instructed that the tolling provision is only available to "those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *McCarthy*, 55 N.Y.2d at 548.

Moreover, in order to benefit from the tolling provision of CPLR 208, a plaintiff must allege facts plausibly suggesting that the disability of insanity was continuous during the relevant period. *McEachin v. City of New York*, 03-CV-6421, 2007 WL 952065, at *4 (E.D.N.Y. Mar. 29, 2007) (plaintiff did not demonstrate that he suffered from insanity continuously for the time period he seeks to toll); *Basher v. Madonna Realty Corp.*, 01-CV-5116, 2007 WL 174130, at *3 (E.D.N.Y. Jan. 19, 2007) (same); *Carter v. Doe*, 05-CV-8432, 2006 WL 2109461, at *3 (S.D.N.Y. July 26, 2006) (same). "'If the plaintiff had a lucid interval of significant duration, preceded and followed by a period of

insanity, the toll is lost and is not resurrected when a plaintiff relapses into insanity.'" *Carter*, 2006 WL 2109461, at *3 (quoting *Graboi v. Kibel*, 432 F. Supp. 572, 579 (S.D.N.Y.1977)). "In determining whether the plaintiff is 'insane' for tolling purposes, the court's 'task is a pragmatic one, which necessarily involves consideration of all surrounding facts and circumstances relevant to the claimant's ability to safeguard his or her legal rights.'" *Basher*, 2007 WL 174130, at *3 (citing *Cerami v. City of Rochester School District*, 82 N.Y.2d 809, 812 (1993)).

    In this case, Makas has not alleged facts plausibly suggesting that he (1) was unable to protect his legal rights during the relevant time period or (2) suffered from insanity **continuously** from the time the cause of action accrued until the time he filed this action. While Makas alleges that he has been confined in a psychiatric facility, this allegation, standing alone, does not plausibly suggest that Makas was incapable of pursuing his legal rights during this period of time. "New York law does not unequivocally apply a *per se* toll for psychiatric hospitalization." *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 315 (E.D.N.Y. 2008) (citing *Vallen*, 2005 WL 2296620, at *3-5). Moreover, Makas has provided no facts to demonstrate that his mental disabilities have had any effect on his ability to pursue his legal rights. In fact, a search of the Federal

Judiciary's Public Access to Court Electronic Records Service (PACER) of "Makas, Timothy" shows that after June 2000, despite his psychiatric confinement, Makas was lucid enough to file and actively pursue in the federal courts in New York State (separate and apart from this action) (1) a petition for habeas corpus relief;[1] (2) eight civil rights actions;[2] and (3) seven appeals to the Second Circuit Court of Appeals;[3] demonstrating his ability to advance his own legal interests during his psychiatric institutionalization.  Because Makas was able to pursue his legal interests during the time period for which he claims tolling, he cannot show that his alleged disability was **continuous** until the time he filed this action.  To the contrary, Makas's litigation history dictates against a finding that Makas's mental illness was sufficiently severe

---

[1] *See Makas v. Holanchock*, 9:02-CV-836 (N.D.N.Y. filed June 18, 2002).

[2] *See Makas v. Nneji, et al.*, 1:04-CV-1509 (S.D.N.Y. filed December 27, 2004); *Makas v. Miraglia, et al.*, 7:05-CV-0541 (S.D.N.Y. filed January 14, 2005); *Makas v. Miraglia, et al.*, 1:05-CV-7180 (S.D.N.Y. filed August 12, 2005); *Makas v. State of New York, et al.*, 1:05-CV-1564 (N.D.N.Y. filed December 15, 2005); *Makas v. Orlando, et al.*, 1:06-CV-14305 (S.D.N.Y. filed December 8, 2006); *Makas v. Ulster County, et al.*, 1:07-CV-0060 (N.D.N.Y. filed January 10, 2007); *Makas v. Holanchock, et al.*, 1:07-CV-10408 (S.D.N.Y. filed November 19, 2007); and *Makas v. Benjamin, et al.*, 1:09-CV-0129 (N.D.N.Y. filed February 3, 2009).

[3] *See Makas v. Bennett*, 03-2966 (2d Circuit, filed December 15, 2003); *Makas v. Ulster County*, 06-1299 (2d Circuit, filed March 20, 2006); *Makas v. Miraglia*, 06-2507, (2d Circuit, filed May 26, 2006); *Makas v. Ulster County*, 07-1318 (2d Circuit, filed March 30, 2007); *Makas v. Holanchock*, 07-2726 (2d Circuit, filed June 25, 2007); *Makas v. Miraglia*, 07-4470 (2d Circuit, filed October 16, 2007); and *Makas v. Holanchock*, 08-3760 (2d Circuit, filed July 29, 2008).

or continuous to entitle him to tolling under CPLR 208. *See Carter*, 2006 WL 2109461, at *3 (finding that plaintiff's filing of "two lawsuits in the Southern District of New York during the three-year period following the incident at issue," demonstrated the plaintiff's "ability to advance his own legal interests."); *Vallen*, 2005 WL 2296620, at *4 (finding plaintiff not qualified for C.P.L.R. 280 toll, in part, because he filed five lawsuits during the relevant period); *Reyes*, 2000 WL 1505983, at *3 ("Although plaintiff's legal position on this motion is grounded on an assertion that he was unable to protect his legal rights during the years 1994-99, in fact he pursued several legal avenues, obtaining legal representation and displaying a consistent ability to advance his own legal interests in a variety of fora.").

## III.    Conclusion

Based on the foregoing, the Court finds that Makas's allegation that he has been in a psychiatric institution, without more, does not entitle him to the benefit of New York's tolling provision regarding insanity, and his Complaint is therefore subject to dismissal as time-barred. In light of Makas's *pro se* status, the Court will provide Makas with an opportunity to submit an amended complaint wherein he alleges facts demonstrating why his claims are timely, or if untimely, why the applicable limitations period should be tolled. If Makas

fails to comply with this Decision and Order within the time allowed, this action will be dismissed **without prejudice without further order of the Court**.

**WHEREFORE**, it is hereby

**ORDERED** that this action is **DISMISSED as time-barred** unless within **thirty days** of the filing date of this Decision and Order Makas submits an amended complaint wherein he alleges facts demonstrating why his claims are timely, or if untimely, why the applicable limitations period should be tolled; and it is further

**ORDERED** that upon receipt of an amended complaint, the Clerk shall send this file to the Court for further review; and it is further

**ORDERED** that if Makas fails to comply with the terms of this Decision and Order in a timely manner, this action be **DISMISSED** without further order of the Court; and it is

**ORDERED** that the Clerk serve a copy of this Decision and Order on Makas.

October 27, 2010

United States District Court Judge