UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY MAKAS,

                Plaintiff,

    -v.-                                       9:10-CV-0576

ULSTER COUNTY,                            (GLS)(RFT)

                Defendant.
_____

APPEARANCES:

TIMOTHY MAKAS
C10116
CDPC Unit 4
75 Scotland Ave.
Albany, NY 12208
Plaintiff, *pro se*

GARY L. SHARPE
United States District Judge

## DECISION and ORDER

**I.    Background**

    Plaintiff Timothy Makas commenced this action by filing a *pro se* civil rights complaint. Dkt. No. 1. By Decision and Order of this Court filed on October 27, 2010 ("October Order"), the Court found that Makas's complaint was barred by the applicable statute of limitations and he was not entitled to the benefit of New York's tolling provision regarding insanity. Dkt. No. 12. In light of his *pro se* status, Makas was afforded an opportunity to submit an amended

complaint which was to demonstrate a basis for finding that his claims are not barred by the applicable statutes of limitations. *Id.* at 8-9.

Presently before the Court is Makas's second amended complaint. Dkt. No. 6. For the reasons set forth below, the second amended complaint is dismissed as untimely filed.

## II.     Legal Standards

In deciding whether a complaint states a colorable claim a court must extend a certain measure of deference towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir.1983). There is nonetheless an obligation on the part of the court to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (district court may dismiss frivolous complaint *sua sponte* notwithstanding the fact that the plaintiff has paid statutory filing fee). Dismissal is appropriate where the existence of an affirmative defense, such as the statute of limitations, is plain from the plaintiff's pleading. *See Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir.1995). Indeed, the Second Circuit in *Pino* found that dismissing an action "based on the statute of

limitations is especially appropriate where . . . the injuries complained of occurred . . . well outside the applicable three-year limitations period [and] there are no applicable tolling provisions as a matter of law, and plaintiff has alleged no facts indicating a continuous or ongoing violation of his constitutional rights." *Pino*, 49 F.3d at 54.

### III.  Summary and Review of the Amended Complaint

In reviewing Makas's second amended complaint (Dkt. No. 6), the Court recognizes that it must construe *pro se* complaints liberally.  *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Even after allowing for due deference to Makas's *pro se* status, for the reasons discussed below, the Court finds that Makas has failed to demonstrate that he is entitled to have the statute of limitations tolled on the basis of insanity.[1]

In his original complaint, Makas alleged that, while he was a pre-trial detainee, he was subjected to two improper strip searches on June 20, 2000, one which occurred upon his exit from Fishkill Correctional Facility and one which occurred forty-five minutes later upon his admission into Ulster County Jail.  Dkt. No. 1 at 6-7.  Construed liberally, Makas alleged that both strip searches were conducted under the direction of, or by, Ulster County

---

[1] Makas has asserted no other basis upon which the Court might consider tolling the statute of limitations, nor has he alleged any facts indicating a continuing or ongoing violation of his constitutional rights.

employees.[2]  *Id.*  Makas further alleged that defendant Ulster County either failed to train its employees properly regarding strip searches, or did not have in place an adequate policy regarding a strip search of a pre-trial detainee.  *Id.* at 8.  Plaintiff further alleged that he was subjected to strip searches in retaliation "for winning the Appeal" from his criminal conviction and sentence.  *Id.* at 9.  Essentially the same allegations are set forth in the second amended complaint.  Dkt. No. 6.  In addition, and in response to the October Order, the second amended complaint includes "additional facts" regarding Makas's mental condition.  *Id.* at 10.

While Makas seems to recognize that he did not commence this action until sometime after the statute of limitations had expired, construed liberally, he contends that the action is timely because the statute of limitations was tolled pursuant to New York Civil Law and Practice Rules § 208 ("CPLR 208") for his claims (which arose on June 20, 2000) because, when the claims arose, he was insane.  *Id.*  In light of Makas's *pro se* status, the Court will also consider whether Makas is entitled to equitable tolling as a result of his mental condition.

In support of his claim that the statute of limitations was tolled by reason of his insanity, Makas alleges that in 1998, he was diagnosed as suffering from

---

[2] Makas alleged that two Ulster County Jail transport officers were present when he was being discharged from Fishkill Correctional Facility and were involved in the decision to strip search Makas upon his discharge from that facility.  Dkt. No. 1 at 7.

4

major depression. Dkt. No. 6 at 10.  Makas states that after his criminal conviction was reversed on appeal on June 12, 2000,[3] he was again diagnosed as suffering from major depression.  *Id.*  His diagnosis was later changed to schizophrenia, then back to depression, then to a delusional disorder.  *Id.*  Makas alleges that he is still currently diagnosed as suffering from a delusional disorder.  *Id.*  Makas alleges that as a result of his delusional disorder, which he claims is characterized by "paranoia and litigiousness," he "can not function in society."  *Id.*  Makas claims that his doctors have deemed him "dangerous" and found that he must remain institutionalized.  *Id.*  Makas alleges that his "inability to function in society has left him spinning his wheels in the courts."  *Id.* at 12.

In support of his contention that, as a result of his mental condition, he is unable to protect his legal rights, Makas alleges that he has won no cases, has "zero chances to be heard by a jury," and has "zero lawyers willing to take any case."  *Id.*

### A.   Insanity Toll Under CPLR 208

In finding that Makas was not entitled to toll the statute of limitations under CPLR 208, the October Order stated:

---

[3] *See* Dkt. No. 6 at 6.

> CPLR 208 does not define the term "insanity." After reviewing the legislative history of the provision and concluding that the legislature intended that CPLR 208 be "narrowly interpreted," the New York Court of Appeals established a standard for evaluating the applicability of CPLR 208. *McCarthy v. Volkswagen of Am.*, 55 N.Y.2d 543, 548 (1982). The *McCarthy* Court instructed that the tolling provision is only available to "those individuals who are unable to protect their legal rights because of an over-all inability to function in society." *McCarthy*, 55 N.Y.2d at 548.
>
> Moreover, in order to benefit from the tolling provision of CPLR 208, a plaintiff must allege facts plausibly suggesting that the disability of insanity was continuous during the relevant period. *McEachin v. City of New York*, 03-CV-6421, 2007 WL 952065, at *4 (E.D.N.Y. Mar. 29, 2007) (plaintiff did not demonstrate that he suffered from insanity continuously for the time period he seeks to toll); *Basher v. Madonna Realty Corp.*, 01-CV-5116, 2007 WL 174130, at *3 (E.D.N.Y. Jan. 19, 2007) (same); *Carter v. Doe*, 05-CV-8432, 2006 WL 2109461, at *3 (S.D.N.Y. July 26, 2006) (same). "'If the plaintiff had a lucid interval of significant duration, preceded and followed by a period of insanity, the toll is lost and is not resurrected when a plaintiff relapses into insanity.'" *Carter*, 2006 WL 2109461, at *3 (quoting *Graboi v. Kibel*, 432 F. Supp. 572, 579 (S.D.N.Y.1977)). "In determining whether the plaintiff is 'insane' for tolling purposes, the court's 'task is a pragmatic one, which necessarily involves consideration of all surrounding facts and circumstances relevant to the claimant's ability to safeguard his or her legal rights.'" *Basher*, 2007 WL 174130, at *3 (citing *Cerami v. City of Rochester School District*, 82 N.Y.2d 809, 812 (1993)).

Dkt. No. 4 at 5-6.

In order to take advantage of the insanity toll, "[t]he disability must be of

6

such a nature that plaintiff is unable to manage his business affairs and is incapable of comprehending and protecting his legal rights and liabilities." *Hedgepeth v. Runyon*, No. 96 Civ. 1161, 1997 WL 759438, at *4 (S.D.N.Y. Dec. 10, 1997); *see also Wenzel v. Nassau County Police Dept.*, 914 F. Supp. 902, 904 (E.D.N.Y. 1996) (finding that plaintiff must have been unable to recognize a legal wrong).  "Apathy, depression, posttraumatic neurosis, psychological trauma and repression therefrom, or mental illness alone have been held insufficient to invoke the tolling provisions of § 208." *McEachin*, 2007 WL 952065, at *4.  Rather, "the mental disability must be 'severe and incapacitating.'"[4]  *Id.* (citing *Sanders v. Kiley*, No. 91-6320, 1995 WL 77916, at *5-6 (S.D.N.Y. Feb. 23, 1995) (proceeding *pro se* in court and managing affairs while in prison suggests that one understands legal rights and is not "insane")).

In keeping with the *McCarthy* test and narrowly interpreting the CPLR 208 toll for insanity, Makas must establish both that he was unable to protect his legal rights and that his inability to protect these rights was the result of an over-all inability to function in society.  The Court has already concluded that

---

[4]  The mental disability must be shown to result in an "overall inability to function in society" or render the plaintiff unable to understand or protect his legal rights.  *See, e.g., Estate of Mandarino v. Mandarino*, 699 F. Supp. 2d 646, 654 (S.D.N.Y. 2010) (citing New York cases which found tolling due to insanity and stating that "all of the cases involved plaintiffs who were either 'unresponsive' or unable to communicate or who required the appointment of a guardian ad litem").

confinement to a psychiatric facility, standing alone, is insufficient to invoke the insanity toll put in place by CPLR 208.  *See* October Order at 6 (citing *Joseph S. v. Hogan*, 561 F. Supp. 2d 280, 315 (E.D.N.Y. 2008) ("New York law does not unequivocally apply a *per se* toll for psychiatric hospitalization.").  Even if Makas's commitment to a psychiatric facility could plausibly suggest that he was unable to function in society, Makas was clearly able to protect his legal rights during the period in question.  As recounted in the October Order, during the period that Makas contends that he was insane, he filed numerous legal actions in various courts in the state of New York.[5]  Indeed, Makas's litigation history during the relevant period suggests that Makas was capable of recognizing legal claims and commencing legal actions in an attempt to protect those claims.  Makas also alleges that, during the relevant time period, he had "2 wins" in cases that he filed and pursued.  Dkt. No. 6 at 11 (citing *Makas v. Holanchock*[6] and *Makas v. Miraglia*[7]).  While Makas alleges that "both times . . . after remand

---

[5] Makas's appeal to the Second Circuit Court of Appeals from the dismissal of one of those actions  is presently pending before the Second Circuit.  *See Makas v. Woode, et al.*, 10-3798 (2d Cir.).

[6] In *Makas v. Holanchock*, 03-2966-pr (2d Cir.), on appeal to the Second Circuit, Makas was successful in having his dismissed habeas petition remanded to the Northern District of New York for further proceedings on the merits.  *Id.*, Order filed August 3, 2004.

[7] In *Makas v. Miraglia*, 07-4470-pr (2d Cir.), Makas appealed a decision by the Southern District of New York dismissing Makas's claims relating to confidentiality of his medical records and compulsory blood tests.  On appeal, the Second Circuit vacated the Southern District's decision with respect to the compulsory blood tests and remanded the

8

cases were dismissed [therefore t]his hardly attests to plaintiff[']s ability to safeguard his rights," despite this assertion, it is clear that Makas was lucid enough to recognize and pursue his legal claims.  Finally, while Makas states that he is still diagnosed with delusional disorder, *see* Dkt. No. 6 at 11, Makas was able to understand the directions set forth in this Court's October Order and respond appropriately.

"Because a plaintiff's mental state may present a complex factual issue, courts often conduct hearings to determine whether a plaintiff's mental condition during the relevant period meets the standard for insanity under Section 208." *Carter,* 2006 WL 2109461, at *3 (citing *Wenzel*, 914 F. Supp. 902).  In this case, however, a hearing is unnecessary because Makas's extensive litigation history clearly demonstrates that he had sufficient lucid moments during the period in question to recognize and pursue his legal rights.[8]   *See Carter*, 2006 WL

---

case to the Southern District with instructions to analyze the remanded claim under the Fourth Amendment.  *See id.*, Judgment filed November 5, 2008, issued as a Mandate January 20, 2009.

[8] Makas has alleged no factual basis to warrant a hearing on the issue of his insanity for purposes of the CPLR toll.  In fact, the evidence presented, together with the public record of Makas's litigation history during the relevant time period, clearly indicate that Makas is not entitled to invoke the insanity toll.  *See Sanders*, 1995 WL 77916, at *6 (denying a hearing on insanity because the plaintiff had failed to establish insanity and the evidence indicated that the plaintiff was capable of managing his own affairs); *De Los Santos v. Fingerson*, No. 97 Civ. 3972, 1998 WL 740851, at *5 (S.D.N.Y. Oct. 23, 1998) (noting that the New York Court of Appeals and the Court of Appeals for the Second Circuit have upheld cases in which a hearing on insanity was denied because the plaintiff failed to carry the burden of showing insanity).

2109461, at *3 (concluding no hearing was necessary because plaintiff's litigation history and medical records clearly preclude a finding that his mental illness was sufficiently severe or continuous to warrant tolling the statute of limitations under Section 208).

Based on all of the foregoing, CPLR 208 did not toll the three year statute of limitations applicable to section 1983 actions during the period from June 20, 2000 (the date his claims arose) until May 17, 2010 (the date he filed this action).

### B.     Equitable Tolling

> "As a general matter, a litigant seeking equitable tolling must establish two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Bolarinwa v. Williams*, 593 F.3d 226, 231 (2d Cir. 2010) (quoting *Lawrence v. Florida*, 549 U.S. 327, 336, 127 S.Ct. 1079, 166 L.Ed.2d 924 (2007)). "Equitable tolling applies only in the rare and exceptional circumstance." *Bertin v. United States*, 478 F.3d 489, 494 n. 3 (2d Cir. 2007) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam)). The Second Circuit has recognized that "mental illness can warrant equitable tolling of a statute of limitations," *Bolarinwa*, 593 F.3d at 232 (citation omitted), and has also noted that such claims are "highly case-specific," *id*. (citations omitted); accord *Boos v. Runyon*, 201 F.3d 178, 184 (2d Cir. 2000). The party seeking such tolling must provide "a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights." *Boos*, 201 F.3d at 185.  A court evaluating whether

> equitable tolling is appropriate on the grounds of mental impairment should "consider[ ] all of the circumstances of the case." *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991); accord *Brown v. Parkchester S. Condo.*, 287 F.3d 58, 60 (2d Cir. 2002). In the end, a plaintiff seeking equitable tolling must demonstrate that her particular disability "severely impair[ed] her ability to comply with the filing deadline, despite her diligent efforts to do so." *Bolarinwa*, 593 F.3d at 232; *see*, e.g., *Canales*, 936 F.2d at 759 (equitable tolling permissible where mental illness prevented plaintiff "from comprehending her right" to take legal action).

*Estate of Mandarino v. Mandarino*, 699 F. Supp. 2d 646, 652 (S.D.N.Y. 2010). As more fully discussed in Section III.A., *supra*, and the October Order, Makas has not established that his mental illness prevented him from comprehending his right to take legal action. Makas is not entitled to rely on the doctrine of equitable tolling to avoid the statute of limitations bar on his claims.

## IV.    Conclusion

Upon review, the Court finds that Makas's claims that arose on June 20, 2000 are time-barred and Makas has not alleged sufficient facts to demonstrate that he is entitled to invoke either the insanity toll set forth in CPLR 208 or equitable tolling on the basis of insanity. Accordingly, Makas's claims are time-barred and his second amended complaint is dismissed as legally frivolous. *See Whittaker v. Yanthais*, 159 F.R.D. 7, 8 (N.D.N.Y. 1994) (Pooler, J.) (dismissing time-barred complaint *sua sponte* because it lacks an arguable basis in law and

11

is therefore frivolous); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis in either law or in fact).  While acknowledging that the Second Circuit's preference is that the District Court provide a *pro se* plaintiff the opportunity to amend, in light of the fact that Makas has already had an opportunity to do just that, further amendment would be unproductive.

**WHEREFORE**, for the above-stated reasons, it is hereby

**ORDERED**, that this action is **dismissed** with prejudice as frivolous; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on Makas.

IT IS SO ORDERED.

Dated: March 21, 2011
       Albany, New York

Gary L. Sharpe
U.S. District Judge